[Crim. No. 2715.  Second Appellate District, Division One.—September 24, 1935.]

THE PEOPLE, Respondent, v. RUSH GRIFFIN et al., Defendants; WILLIE SMITH, Appellant.

Curtis C. Taylor for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy Attorney-General, for Respondent.

YORK, J.—Defendants were convicted of the robbery and murder of Laurence L. Lyon, as charged in an information. Defendant Smith appeals from the judgment of conviction and from the order denying his motion for a new trial.

It appears from the record that decedent was a medical student at the University of Southern California in the city of Los Angeles; that he spent the evening of November 11, 1934, with friends, and that around the hour of 1:20 A. M. these friends drove him in their automobile to his fraternity house where he made his home, which was located near the university. About an hour later, in the neighborhood of Eighth Street and Central Avenue, in the city of Los Angeles, decedent was shot by defendant Griffin, who robbed him, struck him in the head and left him lying in the street. He died shortly thereafter as result of the injuries received at the hands of Griffin.

As to defendant Smith's connection with the crime, the theory of the prosecution was that Smith was an accomplice of Griffin and that he acted as a lookout for Griffin, as he stood leaning against the corner of a building at a point near the intersection of Ninth Street, Central Avenue and Linden Street, which commanded a view of the adjacent neighborhood. The two defendants lived together, were seen in each other's company earlier in the evening in a speakeasy, where they displayed the guns which were used to perpetrate the crime, and remained in each other's company subsequent to the crime, until arrested by police officers at their apartment.

There were several witnesses, who testified at the trial, who were attracted by an argument between Griffin and Lyon and the subsequent shooting, two of whom arose from their beds and looked out of windows just above the scene of the shooting and saw Griffin and decedent, but were not able to see

appellant, who, according to the testimony of Dennis Wells, was standing at the corner of the building, above referred to, at the time of the shooting; that appellant shortly thereafter slid around the corner, and after defendant Griffin had turned decedent over and had robbed him and struck him in the head, appellant walked over and kicked decedent on the feet, left the scene of the crime and later joined defendant Griffin about a block away.

Appellant upon this appeal makes the following points: 1. That the information did not state the facts in clear and concise language as to the charge of robbery to notify defendant what to expect. 2. That the evidence was insufficient to justify the verdict of robbery or the verdict of murder. 3. That the court erred in the admission of evidence. 4. That there was prejudicial misconduct on the part of the district attorney. 5. That the court erred in giving a certain instruction.

The information charged that defendants "did wilfully, unlawfully, feloniously and forcibly take from the person and immediate presence of one Laurence L. Lyon, the following described personal property, to wit: A bill-fold, of the value of One Dollar ($1.00), lawful money of the United States, and a watch, of the value of Two Dollars ($2.00), lawful money of the United States, in the possession of Laurence L. Lyon, which said taking was then and there without the consent and against the will of the said Laurence L. Lyon, and was then and there accomplished, as aforesaid, by the defendants by means of force used by said defendants upon and against the said Laurence L. Lyon, and by said defendants then and there putting the said Laurence L. Lyon in fear''.

Appellant claims that during the course of the entire trial no proof was offered, and that there is no evidence in the record concerning the articles enumerated in the information. The record shows that there was evidence to the effect that defendant Griffin went through the pockets of decedent as he lay inert upon the ground after the shooting, and in addition there was evidence that eleven cards, including an automobile registration card belonging to decedent, were found underneath the window of the apartment where the defendants lived. While on the witness stand, defendant Griffin was asked about the bill-fold or wallet mentioned in the informa-

tion, and which is also referred to as a card-case or pocketbook, and he testified that he saw something of that kind when he walked to the fence to get his hat after decedent had been shot, and that, "After the struggle when I went back to the fence to get my hat, I stooped over there to get my hat and I remember seeing a pocketbook or something laying alongside the fence, but I did not bother it that I can remember about." On cross-examination, when asked about the wallet, he testified: "I don't remember picking it up. I just slightly remember seeing one. I wouldn't say it was a wallet or what it was." He also admitted that he testified at the coroner's inquest, when asked if the pocketbook belonged to decedent, that he did not know, that he lost it somewhere on the way home but that he never looked inside of it. From this evidence the jury had a right to infer that the various papers and cards were taken from the body of decedent and that, at the time they were so taken, they were contained in the wallet or bill-fold mentioned in the information.

As to appellant's second point, that the evidence was insufficient to justify either the verdict of robbery or the verdict of murder, an examination of the record shows a decided conflict in the evidence. Upon sufficient evidence the jury has decided against the appellant, and this court cannot interfere.

Appellant makes the point that the court erred in admitting in evidence testimony as to the manner of acquisition of the guns used by and in possession of defendants at the time that the crime was perpetrated. At the time when the questioned evidence was received, by order of the trial court it was limited in its effect to the case of appellant's codefendant, and the court instructed that "evidence applicable as to one defendant can only be considered as against that particular defendant"; and it must be assumed that the jury heeded the instruction; hence appellant has no just cause for complaint in that regard.

We have considered the language of the deputy district attorney objected to by appellant, and feel that there was nothing said by said deputy that would be liable to prejudice the cause of the appellant in the eyes of the jury.

Appellant's final point is that the court committed prejudicial error in giving the following instruction:

"You are instructed that the mere possession of stolen property, unexplained by a defendant, however soon after taking, is not sufficient to justify a conviction; it is a circumstance, which taken in connection with other testimony, is to determine the question of guilt. Yet, if you believe, from the evidence, that a defendant was found in the possession of the property described in the information, after the alleged taking, this is a circumstance tending in some degree to show guilt, but not sufficient, standing alone and unsupported by other evidence, to warrant you in finding him guilty. There must be, in addition to proof of possession of stolen property, proof of corroborating circumstances tending of themselves to establish guilt. These corroborating circumstances may consist of acts, or conduct or declarations of the defendant, or any other circumstances tending to show the guilt of the accused.

"If the jury believe the property was stolen, and was in the possession of a defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show that such possession was honestly obtained, or the giving of a false account as to such possession, may be circumstances tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such."

Appellant's contention in this regard is that the giving of the quoted instruction amounted to grave error, in view of the fact that there was no evidence that the defendants had any stolen property in their possession, and were unable to explain the presence of it; that there was no evidence that either defendant was found in the possession of any of the property described in the information, and that there is no evidence whatever in the record to support the contention that the defendants were in possession of stolen property, and that an instruction on that subject was entirely outside the issues submitted to the jury.

We find no prejudicial error to appellant in the giving of this instruction by the trial court, for the reason that there was evidence, as heretofore shown, that defendant Griffin saw the wallet, that he said that he lost it somewhere on the way home, but claimed that he never looked inside of it; that the cards and papers were found under the window of appellant's

apartment, all of which is sufficient for the jury to infer that appellant and his codefendant had been in possession of the stolen property, but finding it worthless, had thrown it away. The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.